IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

UNITED STATES OF AMERICA,

        Case No. 6:14-cr-00467-AA
        Case No. 6:19-cv-00607-AA

**OPINION & ORDER**

     Plaintiff,

  vs.

JOSE MANUEL VARGAS,

     Defendant.

_____

AIKEN, District Judge:

      This case comes before the Court on Defendant's Motion to Vacate or Correct Sentence pursuant to 28 U.S.C. § 2255.  ECF No. 62.  Because the motion and the record conclusively show that Defendant is not entitled to relief, no evidentiary hearing is required.  For the reasons set forth below, Defendant's motion is DENIED and the Court declines to issue a certificate of appealability.

## BACKGROUND

On November 19, 2014, Defendant was indicted for Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  ECF No. 6.  The indictment alleged that defendant had previously been convicted of Robbery in the First Degree in New York state court and twice convicted of Unlawful Delivery/Possession of a Controlled Substance in Oregon state court.

On July 20, 2016, Defendant pleaded guilty to the single count of the indictment pursuant to a plea agreement with the Government.  ECF Nos. 38, 39, 40. Under the terms of the plea agreement, Defendant acknowledged that he had previously been convicted of the offenses described in the indictment and that he had knowingly possessed a firearm that had been shipped or transported in interstate commerce.   ECF No. 40.

On June 29, 2017, this Court sentenced Defendant to 120 months with 3 years of supervised release.  ECF Nos. 57, 58.  Defendant did not file a direct appeal of his sentence and is serving his sentence at FCI Herlong in California.  Defendant filed the present motion on April 19, 2019.  ECF No. 62.

## LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal prisoner in custody under sentence may move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . .

28 U.S.C. § 2255(a).

To warrant relief, a petitioner must demonstrate that the error of constitutional magnitude had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht*'s harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.").

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (alteration and emphasis in original) (quoting 28 U.S.C. § 2255).  In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (alteration in original, internal quotation marks and citation omitted).

A district court may dismiss a § 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *Withers*, 638 F.3d at 1062-63 (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)); *see United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).

Conclusory statements in a § 2255 motion are insufficient to require a hearing. *Hearst*, 638 F.2d at 1194.

## DISCUSSION

In his motion, Defendant generally argues that he has not been convicted of a crime of violence and that his sentence was unlawfully increased on that basis.

First, Defendant's motion is not timely.  Although § 2255 allows a defendant to move to vacate, set aside, or correct a sentence on the basis that the sentence is unlawful, the statute provides a limitation period for filing such motions:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In this case, Defendant's judgment of conviction was entered on June 29, 2017, ECF No. 58, and, under Federal Rule of Appellate Procedure 4(b)(1)(A), the judgment became final when the time for filing a notice of appeal expired or fourteen days after the judgment was entered and none of the other possible exceptions to that date apply to Defendant's motion.

Although Defendant cites to *Johnson v. United States*, 576 U.S. 591 (2015), which struck down the ACCA residual clause, and which was made retroactively applicable on collateral review by *Welch v. United States*, 578 U.S. 120 (2016), those cases involve defendants who were sentenced under the residual clause of the Armed Career Criminal Act.  In this case, Defendant was not sentenced under the ACCA.  Indeed, the Court ordered that the Presentence Report ("PSR") be amended to reflect that defendant was not an armed career criminal under the ACCA.  ECF No. 59.  Defendant was sentenced under the Guidelines and the Supreme Court has held that *Johnson* did not recognize a new right applicable to advisory Guidelines sentences on collateral review.  *Beckles v. United States*, ___U.S.___, 137 S. Ct. 886, 890 (2017).  But even if Defendant had stated a viable claim under *Johnson* and *Welch*, he failed to file his motion within one year of those decisions as required by § 2255(f)(3), and so his motion would still be untimely.

The Court therefore concludes that the last day on which Defendant could have timely filed this motion under § 2255(f) was July 13, 2018.  Defendant did not file his motion until nearly a year after that date and his motion is, therefore, time-barred and so DENIED.[1]

A final order in a § 2255 proceeding may not be appealed unless a judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1)(B).  A certificate of appealability

---

[1] Defendant's motion makes a brief reference to a claim under 28 U.S.C. § 2241.  Motions under § 2241 must be heard in the custodial court.  *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000).  Defendant is incarcerated at FCI Herlong in California.  This Court therefore lacks jurisdiction to consider Defendant's motion, to the extent that Defendant meant to bring it under § 2241.

Page 5 –OPINION & ORDER

may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court explained that a certificate of appealability under § 2253(c) is warranted when a habeas prisoner makes "a demonstration that . . . includes a showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* at 483-84 (internal quotation marks and citation omitted). In this case, Defendant has failed to make the required showing and so the Court declines to issue a certificate of appealability.

## CONCLUSION

For the reasons set forth above, Defendant's Motion under 28 U.S.C. § 2255, ECF No. 62, is DENIED. The Court declines to issue a certificate of appealability.

It is so ORDERED and DATED this <u>8th</u> day of March 2022.


          <u>       /s/Ann Aiken       </u>
                Ann Aiken
          United States District Judge